■ EDGEWATER APARTMENTS, INC., Respondent, v DENTON S. COX et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered August 19, 1975, *inter alia,* denying the motion of defendants Cox and Paramedical Labs, Inc., for summary judgment, but granting plaintiff's motion for such relief, decreeing that plaintiff is entitled to terminate the leasehold in issue and directing a hearing to assess its damages, unanimously modified, on the law, to the extent of reversing that portion thereof which granted plaintiff's cross motion for summary judgment and denying same. Except as so modified, said order is affirmed, without costs or disbursements. In 1962, plaintiff, a co-operative corporation, leased ground floor space to Dr. Cox for use as a medical office. The space was then unimproved and Dr. Cox invested $170,000 in converting the same for use as medical offices by several physicians. The printed form lease contained the customary clause prohibiting any assignment or underletting of the demised premises or any part thereof without the landlord's prior written consent. In a typewritten rider, however, the parties provided that "Tenant shall have the right to sublease the demised premises, with the prior written consent of the landlord, which consent shall not be unreasonably withheld by the landlord." Additionally, the rider expressly accommodated the possibility that other physicians would practice medicine with Dr. Cox, since it contained the following clause: "It is mutually understood and agreed that the Tenant may have not more than four (4) assistants or associates practicing medicine with him in the demised premises." Since 1963 Drs. Connolly and Advocate practiced medicine in the demised premises with Dr. Cox. The names of all three physicians appear on the entry door, and they share expenses and the use of certain facilities. Though the arrangement among them has never been memorialized in any writing, each physician pays Dr. Cox, separately, one amount for expenses and another for the sharing of the rented space, improvements and facilities. The occupancy by the three doctors was open and notorious for a period of 11 years, during which time

they treated some of plaintiff's officers as patients. In October, 1974, with no advance warning, plaintiff demanded that Dr. Cox oust Drs. Connolly and Advocate in three days under penalty of forfeiture. Dr. Cox, though maintaining his position that the occupancy of the other physicians was permitted under the lease, requested the consent of the landlord thereto. Such request was rejected and the instant proceeding seeking judgment that plaintiff is entitled to possession of the demised premises was commenced. On the record before us, we find triable issues raised sufficient to warrant denial of summary judgment to either side. For example, we cannot conclude, as a matter of law, that Drs. Connolly and Advocate were subtenants but not also associates of Dr. Cox. Moreover, it would appear that a factual issue is presented as to whether or not the typewritten clause concerning subleasing was intended to supplant the printed clause and to cover partial as well as complete subletting. In such connection, it would seem incongruous to permit the landlord to arbitrarily refuse consent to a partial subletting, but not to a complete subletting. Finally, under the circumstances here presented, we believe the defenses of waiver, estoppel, and the bar of the Statute of Limitations are sufficiently viable to preclude summary rejection. Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.